# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0167** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **GILBERTO RODRIGUEZ** | : | |

## ORDER

AND NOW, this 3rd day of November, 2011, upon consideration of the motion for a judicial recommendation (Doc. 58) filed by defendant Gilberto Rodriguez ("Rodriguez"), wherein Rodriguez requests that the court recommend to the Bureau of Prisons ("BOP") that the BOP designate his state correctional facility, *nunc pro tunc*, as a federal prison and credit time served in state custody to his federal sentence,[1] and wherein Rodriguez states that he has filed a request to the BOP's Designation and Sentence Computation Center, and it appearing that pursuant to 18 U.S.C. § 3621(b), "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," which may be "any available penal or correctional

---

[1] A federal grand jury returned a three-count indictment against Rodriguez on April 26, 2006, for violations of 18 U.S.C. §§ 922(g)(1), 924(e), and 924(c)(1). (Doc. 1). Rodriguez pled guilty to Count 1 of the indictment, the government dismissed the remaining two counts, and the court sentenced him on February 28, 2007, to 120 months imprisonment. (Doc. 46). On January 24, 2007, Rodriguez pled guilty to state charges of delivery of heroin stemming from the same arrest from which the federal indictment was obtained. The state court sentenced him on March 19, 2007, to five to ten years imprisonment. (Doc. 58, Ex. 2). The state court judge directed that Rodriguez's sentence "be served concurrent with his federal prison sentence." (Id. at 2). However, for purposes of the BOP calculation of an inmate's sentence, "neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently." Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1991).

facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise . . . that the Bureau determines to be appropriate and suitable" upon consideration of five statutorily defined factors, see id. §§ 3621(b)(1)-(b)(5), and the court finding that the decision of whether to grant Rodriguez's request is within the sole discretion of the BOP, see id. § 3621(b); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991) (holding that BOP had discretion to order state and federal sentences run concurrently when federal sentence imposed prior to state sentence and state judge intended state sentence to run concurrently), and the court concluding that Rodriguez is currently seeking credit for time served in state custody with the appropriate authority, the BOP Designation and Sentence Computation Center, see BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, at 5 (2003), and unless and until the BOP inquires with this court regarding whether Rodriguez's federal and state sentences should run concurrently or consecutively, it is not the proper place of this court to make any such recommendation, see Barden, 921 F.2d at 480 (noting that federal court was powerless to order that federal and state sentences run concurrently where federal sentence imposed prior to imposition of state sentence) (citing Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir.

2

1976)),[2] it is hereby ORDERED that the motion for judicial recommendation (Doc. 58) is DENIED.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

---

[2] The court notes that pursuant to BOP Program Statement 5160.05, when an inmate requests a nunc pro tunc designation, "the [Regional Inmate Systems Administrator] will send a letter to the sentencing court . . . inquiring whether the court has any objections." BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, at 5-7 (2003). The court need not respond. Id. (stating that the BOP will make a decision if a response is not received after 60 days). If asked, in the instant matter, the court would indicate that it has no objections to the inmate's request.